IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRETT S. TUNSIL,**<br><br>　　　　Petitioner,<br><br>　　v.<br><br>**SUPERINTENDENT DAVID CLOSE,**<br><br>　　　　Respondent. | **CIVIL ACTION**<br><br>**NO. 25-2889-KSM** |

### ORDER

**AND NOW**, this 13th day of November, 2025, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), the Response (Doc. No. 11), the Report and Recommendation of the Honorable Carol Sandra Moore Wells (Doc. No. 14), and Petitioner's Motion to Re-File a Writ of Habeas Corpus (Doc. No. 15),[1] it is hereby **ORDERED** that:

1.　The Report and Recommendation is **APPROVED** and **ADOPTED**, except to update Judge Wells's sentence at the top of page 2, which stated that Petitioner's attempt to appeal was "still pending." On October 24, 2025, the Third Circuit denied Petitioner's attempt to appeal. *See Tunsil v. Superintendent Thomas McGinley, et al.*, No. 21-2050, Doc. No. 159;

2.　The Petition for Writ of Habeas Corpus is **TRANSFERRED** to the United States Court of Appeals for the Third Circuit;

---

[1] On November 10, 2025, Petitioner filed a motion in which he requested to "re-file a 'writ of habeas corpus'" in this case. (Doc. No. 15.) As stated in Judge Wells's Report and Recommendation, which this Court adopts, the current petition is a second or successive petition for which Petitioner must seek permission from the Third Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153, 155 (2007) (per curiam); 28 U.S.C. § 2244(c)(3)(A). As such, this Court currently lack jurisdiction over this petition because Petitioner does not have permission from the Third Circuit. *Simmons v. United States*, No. 15-cv-549-LPS, 2020 WL 2220150, at *2 (D. Del. May 7, 2020) ("[A] prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals; absent such authorization, a district court cannot consider the merits of a subsequent application."). Accordingly, the motion (Doc. No. 15) will be denied as moot.

  3. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims.  Consequently, a certificate of appealability is **DENIED**; and

  4. Petitioner's Motion to Re-File a Writ of Habeas Corpus is **DENIED as MOOT**.

  **IT IS SO ORDERED.**

                /s/ *Karen Spencer Marston*
                KAREN SPENCER MARSTON, J.